USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___7/11/08___
Bond No. ___JJ103046___

UNITED STATES DISTRICT        COURT

~~XXXXXXXXXX~~
SOUTHERN DISTRICT OF NEW YORK

LASALLE BANK NATIONAL ASSOCIATION,

AS INDENTURE TRUSTEE,

        Interpleader Plaintiff,

   -against-

CITIGROUP GLOBAL MARKETS LIMITED;

COOPERATIEVE CENTRALE RAIFFEISEN-

BOERENLEENBANK, B.A., NEW YORK

BRANCH; NIBC CREDIT MANAGEMENT,

INC.; CEDE & CO., et al.,

        Interpleader Defendants

**INTERPLEADER**

Civil Action No. **08cv 6294**

**Judge Kaplan**

**WHEREAS**, the above named LaSalle Bank National Association ("LaSalle") as Indenture Trustee _____, is about to institute a suit in the nature of Interpleader and for Declaratory and Injunctive Relief in the above entitled court, against the above named   Interpleader Defendants _____, and desires to give bond in pursuance of the provisions of Section 1335, Title 28 of the United States Code.

**NOW, THEREFORE, the** BERKLEY REGIONAL INSURANCE COMPANY _____, having an office and principal place of business for the State of New York at c/o The Hyde Agency 321 Broadway, NY, NY 10007 does hereby undertake to the Clerk of the District Court of the United States for the SOUTHERN District of New York, in the sum of Five Hundred Sixty Thousand Six Hundred Seventy and 38/100--

$560,670.38 _____ Dollars, that the above named  LaSalle Bank National Association ("LaSalle") as shall comply with the future order or judgment of the court with respect to the subject matter of the  Indenture Trustee controversy.

**SEALED AND DATED** July 11, 2008 _____

BERKLEY REGIONAL INSURANCE COMPANY

By: _____

Lourdes Scheel _____ , Attorney-in-fact

Approved 7/11/08
S. Michael M. Malone
Clerk
CGB26900NY0301f
By a. _____
Deputy

## ACKNOWLEDGMENT OF SURETY

**STATE OF NEW YORK }**
**COUNTY OF** ___New York___ }
                                    SS:
          On the __11th__ day of ___July___ in year __2008__ before me personally came

Lourdes Scheel _____ to me known, who being by me duly sworn, did

depose and say that he/she resides at_____New York_____ ,
that he/she is the Attorney-in-Fact of BERKLEY REGIONAL INSURANCE COMPANY _____ , the
corporation described in and which executed the above instrument; that he/she knows the corporate seal of said
corporation, that the seal affixed to such instrument is such corporate seal: that it was so affixed by order of the
Board of Directors of said corporation, and, that he/she signed his/her name thereto by like order; and that said
corporation is duly authorized to transact business in the State of New York in pursuance of the statutes of such
case made and provided, that the Superintendent of insurance of the State of New York, has, pursuant to Chapter
28 of the Consolidated Laws of the State of New York, known  as the Insurance Law, issued to

BERKLEY REGIONAL INSURANCE COMPANY _____

a Certificate of Solvency and qualification to become surety or guarantor on all bonds, undertakings,
recognizances, guaranties and other obligations required or permitted by law and that such certificate has not been
evoked.

LUCY LEE YON WONG
Notary Public, State of New York
No. 01WO4912223
Qualified in Queens County
Commission Expires Feb. 28, 20(()

_____
Notary Public

# POWER OF ATTORNEY
## BERKLEY REGIONAL INSURANCE COMPANY
### WILMINGTON, DELAWARE

NOTICE: The warning found elsewhere in this Power of Attorney affects the validity thereof. Please review carefully.

KNOW ALL MEN BY THESE PRESENTS, that BERKLEY REGIONAL INSURANCE COMPANY (the "Company"), a corporation duly organized and existing under the laws of the State of Delaware, having its principal office in Greenwich, Connecticut, has made, constituted and appointed, and does by these presents make, constitute and appoint:

*David J. Smith, Thomas M. Whittemore, Joyann Hurtle or Lourdes Scheel of Topper Brokerage, Inc. of New York, NY*

its true and lawful Agent and Attorney-in-Fact, with full power and authority hereby conferred in its name, place and stead, to execute, seal, acknowledge and deliver: *any and all bonds and undertakings providing that no single obligation shall exceed Fifteen Million and 00/100 Dollars ($15,000,000.00)*
and to bind the Company thereby as fully and to the same extent as if such bonds had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office in their own proper persons.

This Power of Attorney shall be construed and enforced in accordance with, and governed by, the laws of the State of Delaware, without giving effect to the principles of conflicts of laws thereof. This Power of Attorney is granted pursuant to the following resolutions which were duly and validly adopted at a meeting of the Board of Directors of the Company held on August 21, 2000:

"RESOLVED, that the proper officers of the Company are hereby authorized to execute powers of attorney authorizing and qualifying the attorney-in-fact named therein to execute bonds, undertakings, recognizances, or other suretyship obligations on behalf of the Company, and to affix the corporate seal of the Company to powers of attorney executed pursuant hereto; and further
RESOLVED, that such power of attorney limits the acts of those named therein to the bonds, undertakings, recognizances, or other suretyship obligations specifically named therein, and they have no authority to bind the Company except in the manner and to the extent therein stated; and further
RESOLVED, that such power of attorney revokes all previous powers issued on behalf of the attorney-in-fact named; and further
RESOLVED, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any power of attorney or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligation of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed. The Company may continue to use for the purposes herein stated the facsimile signature of any person or persons who shall have been such officer or officers of the Company, notwithstanding the fact that they may have ceased to be such at the time when such instruments shall be issued."

IN WITNESS WHEREOF, the Company has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this 15 day of December , 2004.

Attest:                                          Berkley Regional Insurance Company

(Seal)      By _____          By _____
                    Ira S. Lederman                      William R. Berkley
              Senior Vice President & Secretary        Chairman and President

WARNING: THIS POWER INVALID IF NOT PRINTED ON BLUE "BERKLEY" SECURITY PAPER.

STATE OF CONNECTICUT )
                                    ) ss:
COUNTY OF FAIRFIELD  )

Sworn to before me, a Notary Public in the State of Connecticut, this 15 day of December, 2004, by William R. Berkley and Ira S. Lederman who are sworn to me to be the Chairman and President, and the Senior Vice President and Secretary, respectively, of Berkley Regional Insurance Company.

                          EILEEN K. KILLEEN
                          NOTARY PUBLIC                    Eileen K Killeen
                    MY COMMISSION EXPIRES 6/30/2007      Notary Public, State of Connecticut

## CERTIFICATE
I, the undersigned, Assistant Secretary of BERKLEY REGIONAL INSURANCE COMPANY, DO HEREBY CERTIFY that the foregoing is a true, correct and complete copy of the original Power of Attorney; that said Power of Attorney has not been revoked or rescinded and that the authority of the Attorney-in-Fact set forth therein, who executed the bond or undertaking to which this Power of Attorney is attached, is in full force and effect as of this date.
Given under my hand and seal of the Company, this 11th day of July , 2008 .

(Seal)                                          _____
                                                        John B. Beers

# BERKLEY REGIONAL INSURANCE COMPANY

## STATUTORY BALANCE SHEET
### DECEMBER 31, 2007
### (AMOUNTS IN THOUSANDS)

**Admitted Assets**

| | | |
|---|---|---|
| Bonds | $ | 1,117,514 |
| Common & Preferred Stocks | | 615,879 |
| Cash & Short Term Investments | | 130,735 |
| Premiums Receivable | | 330,900 |
| Other Assets | | 370,846 |
| Total Admitted Assets | $ | 2,565,874 |

**Liabilities & Surplus**

| | | |
|---|---|---|
| Loss & LAE Reserves | $ | 1,246,056 |
| Unearned Premium Reserves | | 612,401 |
| Other Liabilities | | 53,187 |
| Total Liabilities | $ | 1,911,644 |
| Capital Stock | $ | 4,000 |
| Additional Paid In Capital | | 347,723 |
| Unassigned Surplus | | 302,507 |
| Total Policyholders' Surplus | $ | 654,230 |
| Total Liabilities & Surplus | $ | 2,565,874 |

**Officers:**

| | |
|---|---|
| President: | William Robert Berkley |
| Treasurer: | Robert Floyd Buehler |
| Secretary: | Ira Seth Lederman |
| Sr. Vice President: | Eugene George Ballard |
| Sr. Vice President: | Robert Paul Cole |
| Vice President: | Clement Patrick Patafio |

**Directors:**

William Robert Berkley
William Robert Berkley, Jr.
Ira Seth Lederman
Eugene George Ballard
Robert Paul Cole
Clement Patrick Patafio
James Gerald Shiel
Paul James Hancock
Robert Carruthers Hewitt

CERTIFICATE OF SOLVENCY UNDER SECTION 1111 OF THE NEW YORK INSURANCE LAW

## STATE OF NEW YORK
## INSURANCE DEPARTMENT

It is hereby certified that

Berkley Regional Insurance Company
of Wilmington, Delaware

a corporation organized under the laws of the State of Delaware, and duly authorized to transact the business of insurance in this State, is qualified to become surety or guarantor on all bonds, undertakings, recognizances, guaranties and other obligations required or permitted by law; and that the said corporation is possessed of a capital and surplus including gross paid-in and contributed surplus and unassigned funds (surplus) aggregating the sum of $654,230,048 (Capital $4,000,000.), as is shown by its sworn financial statement for the year ended December 31, 2007 on file in this Department, prior to audit.

The said corporation cannot lawfully expose itself to loss on any one risk or hazard to an amount exceeding 10% of its surplus to policyholders, unless it shall be protected in excess of that amount in the manner provided in Section 4118 of the Insurance Law of this State.



In Witness Whereof, I have here-
unto set my hand and affixed the
official seal of this Department
at the City of Albany, this 7th
day of April, 2008.

Eric R. Dinallo
Superintendent of Insurance

By *Clark J. Williams*

Clark J. Williams
Special Deputy Superintendent

*Berkley Regional Insurance Company*
*Carolina Casualty Insurance Company*

# NOTICE
### Surety Bond Disclosure
### Notice of Terrorism Insurance Coverage

Coverage for acts of terrorism, as defined in the Terrorism Risk Insurance Act of 2002 (the "Act"), is included in your surety bond. You should know that, effective November 26, 2002, any losses caused by certified acts of terrorism, as defined in the Act, would be partially reimbursed by the United States under a formula established by federal law. Under this formula, the United States pays 90% of covered terrorism losses exceeding the statutory established deductible paid by the surety company providing the coverage. The portion of your bond premium that is attributable to coverage for acts of terrorism, as defined in the Act: <u>$0.00</u>.

This Endorsement is to be
Attached to bond # <u>0103046</u>
And to become a part of the bond.

c/o Monitor Surety Managers, Inc.383 Main Street, Suite 202, Chatham, NJ 07928